UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| DALE WILLIAMSON, )<br>)<br>　　　　　Plaintiff, )<br>)<br>　　v. )<br>)<br>THE STATE OF INDIANA, )<br>LORETTA RUSH Chief Justice, )<br>INDIANA SUPREME COURT Division of State )<br>Court Administration, )<br>ROBERT R. ALTICE, JR. Chief Justice, )<br>CARRIE STILLER Judge, )<br>BRADLEY JACOBS Judge, )<br>)<br>　　　　　Defendants. ) | No. 4:25-cv-00200-TWP-KMB |

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER AND
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

This matter is before the Court on *pro se* Plaintiff Dale Williamson's ("Williamson") Motion for Reconsideration on Entry Screening Complaint, Dismissing Action, and Directing Entry of Final Judgment under FRCP Rule 59(e), (Dkt. 11), and Motion for Leave to File Amended Complaint. (Dkt. 12). On October 30, 2025, the Court determined that Williamson's Complaint must be dismissed because it is frivolous and this Court lacked subject matter jurisdiction (Dkt. 9), and final judgment was entered (Dkt. 10). Williamson now asks the Court to reconsider that ruling and requests leave to file an amended complaint. For the following reasons, the Motions are **denied**.

**I. LEGAL STANDARD**

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The purpose of a Rule 59(e) motion is to have the court reconsider matters "properly encompassed in a decision on

the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988). However, a Rule 59(e) motion "is not a fresh opportunity to present evidence that could have been presented earlier." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013). Instead, to receive the requested relief, the moving party "must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Id.*

Likewise, motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009). The motion is to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 244 F.3d 601, 606 (7th Cir. 2000). Relief pursuant to a motion to reconsider is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

## II. DISCUSSION

On October 10, 2025, *pro se* Plaintiff Dale Williamson ("Williamson") filed this action against the State of Indiana, Chief Justice Loretta Rush, the Indiana Supreme Court Division of State Court Administration, Chief Justice Robert Altice, Judge Carrie Stiller, and Judge Bradley Jacobs (collectively "the Defendants"). Because he was proceeding *pro se*, the Court screened the Complaint before service on the defendants. In screening a complaint, the Court is required to dismiss an action if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary

relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In determining whether the complaint states a claim, the court applied the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006), and determined that this Court did not have jurisdiction to adjudicate Williamson's claims. Williamson now requests reconsideration and seeks to file an amended complaint. The Court will address each motion in turn.

### A. Motion for Reconsideration

The complaint in this action alleges that the Indiana state court judges, all of whom adjudicated Williamson's state court lawsuit, discriminated against him on the basis of his disability by failing to modify legal standards and procedural rules to accommodate him, and by failing to provide him with certain resources, among other allegations. (*See* Dkts. 1, 9). In dismissing the Complaint, the court explained that Defendants Indiana Supreme Court Chief Justice Loretta Rush, Indiana Court of Appeals Chief Judge Robert Altice, Floyd Superior Court Judge Carrie Stiller, and Clark Circuit Court Judge Bradley Jacobs are entitled to absolute judicial immunity. *See Hernandez v. Sheahan*, 455 F.3d 772, 776 (7th Cir. 2006); *Newman v. State of Ind.*, 129 F.3d 937, 942 (7th Cir. 1997) ("[I]t is to spare judges from shrinking from doing their duty out of fear of being sued that the doctrine of absolute judicial immunity was devised.").

In addition the Court concluded that Williamson's claims were entirely frivolous. *Id*. The Court explained that Williamson cannot sue Indiana state court judges, or the State of Indiana or Indiana Supreme Court offices, simply because he disagrees with the outcome of his state court lawsuit and has not been able to obtain a different result from this federal Court. (Dkt. 9 at 5). "District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense." *Hoskins v. Poelstra*, 320 F.3d 761,

762 (7th Cir. 2003). The Court determined that Williamson's claims are wholly without merit, and "a suit which is frivolous does not invoke the jurisdiction of the federal courts." *Crowley Cutlery Company v. United States*, 849 F.2d 273 (7th Cir. 1988).

The undersigned concluded that granting leave to file an amended complaint would be futile, in part because Williamson had filed a similar lawsuit in this federal Court against Ivy Tech (among other defendants), *Williamson v. State of Indiana*, 4:25-cv-2-TWP-TAB ("*Williamson I*"). Williamson's Complaint in that case was dismissed for several reasons, including that his claims were barred by *res judicata*. The Court further explained that "this action is nothing more than an improper collateral attack on the state courts' rulings against him, as well as a collateral attack on this federal Court's orders in *Williamson I*." *Id*. Based on its analysis of the claims raised in Williamson's filings in this case, *Williamson I*, and the state court case, the Court determined that further opportunities to amend this frivolous action would be futile. Accordingly, this action was dismissed without prejudice and final judgment entered. *Id*. at 6.

In his Rule 59(e) Motion, Mr. Williamson merely repeats the arguments previously made, and he does not point to any manifest errors of law or fact or present any newly discovered evidence. As explained in the Order of dismissal, this Court has no jurisdiction or ability to grant Williamson's claims against several state court judges and the state court office of administration. Accordingly, the Motion to reconsider the dismissal of this action is **denied**.

### B. Motion to File Amended Complaint

Mr. Williamson attached a proposed amended complaint (Dkt. 12-1) to his Motion for Leave to File Amended Complaint (Dkt. 12). The proposed Amended Complaint brings the same claims against the same Defendants. This action has been rightly dismissed, final judgment has been entered, the post-judgment motion to reconsider has been denied, and the case remains closed.

"When there has been an entry of final judgment, a complaining party may amend a complaint … only after that party has successfully altered or amended the judgment … or the judgment has been vacated …." *Spiegel v. McClintic*, 916 F.3d 611, 619 (7th Cir. 2019) (internal quotation and citation omitted); *see also Mohammadi v. Islamic Republic of Iran*, 782 F.3d 9, 18 (D.C. Cir. 2015) ("Since the court declined to set aside the judgment under Rule 59(e), it properly concluded that [the plaintiff's] motion to amend under Rule 15(a) was moot."). Because the district court entered final judgment and now denies Williamson's motion to reconsider, he cannot revive his suit with an amended complaint. Accordingly, the motion for leave to file an amended complaint, is **denied as moot**.

### III. CONCLUSION

For the reasons stated above, Plaintiff Williamson's Motion for Reconsideration on Entry Screening Complaint, Dismissing Action, and Directing Entry of Final Judgment Dkt. [11] and Motion for Leave to File Amended Complaint, Dkt. [12] are **DENIED**.

**SO ORDERED.**

Date: 12/23/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

DALE WILLIAMSON
2914 South Walford Dr.
Jefferson, IN 47130